IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Physiotherapy Corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> Richard W. Rausch, Sovereign, Rehabilitation of Illinois, LLC d/b/a Rausch, Rehabilitation Services, Independent , Physical Therapy Network, or Sovereign Physical Therapy <br>         Defendants. | No. 08 CV 2605 <br><br> Judge Judge Gettleman <br> Magistrate Judge Nolan |

**DEFENDANTS RICHARD W. RAUSCH AND INDEPENDENT PHYSICAL THERAPY NETWORK'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendants Richard W. Rausch and Independent Physical Therapy Network, by their attorneys, answer as follows Plaintiff Physiotherapy Corporation's ("Physiotherapy") complaint:

### NATURE OF ACTION AND INTRODUCTION

1.      This is a claim for relief seeking damages and equitable relief from Defendant Rausch, a former executive of Physiotherapy, for breach of contract and breach of his fiduciary duties to Physiotherapy, and against a corporate entity in which, on information and belief, he is affiliated, to enjoin its aiding and abetting Rausch's breach of duties owed to Physiotherapy.

**ANSWER:**   Admitted that this a claim for relief seeking damages and equitable relief from Defendant Rausch, a former executive of Physiotherapy, for alleged breach of contract and alleged breach of his fiduciary duties to Physiotherapy, but denied that the claims are valid. Denied as to the remainder.

### PARTIES

2.      Plaintiff Physiotherapy Corporation is a Delaware Corporation with its principal place of business in Exton, Pennsylvania. It operates physical therapy clinics in several states, including Illinois.

**ANSWER:**    Admitted.

3.  Defendant Richard W. Rausch is an individual who resides at 1850 North Mohawk, Chicago, Cook County, Illinois. Service of process may be had on this defendant by delivery to him of a summons and copy of this Complaint at this address.

**ANSWER:**   Admitted.

4.  Defendant Sovereign Rehabilitation of Illinois, LLC is an Illinois Corporation that identifies its principal office as being in Memphis, Tennessee. On information and belief, Sovereign Rehabilitation of Illinois, LLC ("Sovereign") does business in Illinois using the name or names Rausch Rehabilitation Services, Independent Physical Therapy Network ("IPTN"), or, Sovereign Rehabilitation. Sovereign maybe served by delivery of a summons and copy of this Complaint to its registered agent, Illinois Corp Service Company at 801 Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:**   Denied.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship between Plaintiff Physiotherapy and the named Defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Jurisdiction arises under 28 U.S.C. § 2201 (a) to issue declaratory relief.

**ANSWER:**   Admitted.

6.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the claims giving rise to Plaintiff s claims occurred in this district.

**ANSWER:**   Admitted that venue is proper in this district but denied that any acts have occurred that gives rise to valid claims.

## FACTS

7.  Defendant Rausch was employed by Physiotherapy from 1998 until October 22, 2007. Rausch served as Physiotherapy's Regional Vice President - Operations from July 2007 until his resignation, effective October 22, 2007. Defendant Rausch was an officer or agent of Physiotherapy, and Rausch owed it fiduciary duties of loyalty, good faith and fair dealing.

**ANSWER:**   Admitted.

8. On July 15, 2007, Rausch and Physiotherapy entered into an Employment Agreement that included reasonable restrictive covenants prohibiting Rausch from disclosing Physiotherapy's confidential information and, as in outlined in Section 8, interfering with Physiotherapy's operations through participation in competing business ventures or soliciting Physiotherapy's customers and employees.

**ANSWER:** Admitted that Rausch and Physiotherapy entered into an Employment Agreement but denied to the remainder.

9. Coincident to his tendered resignation, Rausch negotiated modifications to the Non-Solicitation and No-Hire terms in Section 8 of the July 15, 2007, Employment Agreement. These modifications were memorialized in a Confidential Separation Agreement effective October 26, 2007 and executed by Rausch on October 27, 2007.

**ANSWER:** Admitted.

10. In Paragraph 2(a) of the October 26, 2007 Confidential Separation Agreement, Rausch promised, for a period ending on October 22, 2008, that he would "not, directly or indirectly through any entity with which he is in any way affiliated . . . partner with, any individual who is currently employed by a "Physiotherapy Entity" or who was so employed as of June 28, 2007 . . . it is understood that the foregoing restriction prohibits the . . . partnering with any such individual or any entity with which such individual is in any way affiliated."

**ANSWER:** Admitted that paragraph 10 accurately quotes a portion of the agreement in question but denies that it quotes all relevant provisions and denies that the provision quoted in reasonable in scope or otherwise enforceable..

11. Within days of executing the Confidential Separation Agreement, on or about November 1, 2007, Rausch proposed partnering with person(s) and/or entities subject to the restriction described in Paragraph 10 of this Complaint, in direct contradiction of the promises made in the Confidential Separation Agreement.

**ANSWER:** Denied.

12. On or around November 1, 2007, Rausch contacted Physiotherapy's competitors, including former Physiotherapy executives, and proposed partnering with individuals and entities to form an "umbrella organization" in violation of Paragraph 2(a) of the Confidential Separation Agreement.

**ANSWER:** Admitted that conversations took place but denied that any confidential or proprietary information was disclosed.

13. In connection with and incident to his proposal to partner with Physiotherapy's competitors, Rausch breached the nondisclosure terms contained in Paragraph 3 of the Confidential Separation Agreement and in Paragraph 7 of his Employment Agreement, by disclosing Physiotherapy's confidential information to former Physiotherapy executives actively competing with Physiotherapy in the. physical therapy services industry.

**ANSWER:** Denied.

14. Within days of signing his Confidential Separation Agreement and affirming his obligations to Physiotherapy, including his duty of, confidentiality, Rausch intentionally and knowingly disclosed highly sensitive, confidential business information learned in his capacity as Regional Vice President - Operations to Physiotherapy's direct competitors for the express purpose of causing harm to Physiotherapy.

**ANSWER:** Denied.

15. On or about November 1, 2007, Rausch corresponded with former Physiotherapy executives Alan Grodin, Kathy Carrier and Bobby Rouse, Jr., to propose the formation of an "umbrella organization" and disclosed Physiotherapy's post-merger financial status, strategy to retain key employees, proposed benefits structure and other key strategic components of Physiotherapy's business operations.

**ANSWER:** Denied. Further answering, Defendants state that any information discussed was not confidential or proprietary.

16. On or before March 10, 2008, during the restriction period contained in Paragraph 2(a) of his October 26, 2007 Confidential Separation Agreement, Rausch, through Sovereign Rehabilitation of Illinois, LLC, partnered with Healthcare Equity, Inc., doing business through its Sovereign Physical Therapy division, with individuals and entities subject to the Paragraph 2(a) restriction.

**ANSWER:** Denied.

17. On information and belief, Defendant Rausch, through Sovereign, partnered with Centers for Orthopedic Rehabilitation ("COR"), an entity which employs and is affiliated with, among others, Gary Woodham and Jeffrey E. Thomas, individuals who were currently employed

by a Physiotherapy Entity when Rausch executed the Confidential Separation Agreement, and/or who were so employed as of June 28, 2007.

**ANSWER:**   Denied.

18.   On information and belief, Defendant Rausch, through Sovereign and Healthcare Equity, Inc., has solicited entities doing business with Physiotherapy and proposed partnering with person(s) and/or entities subject to the restriction in violation of Paragraph 2 of his Confidential Separation Agreement.

**ANSWER:**   Denied.

19.   Rausch's violation of his obligations under Paragraph 2 of his Confidential Separation Agreement restores the restrictions imposed by Section 8.1(a) of his July 15, 2007 Employment Agreement, which prohibit Rausch from participation in certain business activities, including the provision of rehabilitation services of a type and nature provided by Physiotherapy within the restricted area defined in the Employment Agreement for a period of twelve months from his termination from Physiotherapy.

**ANSWER:**   Denied.

## COUNT I: BREACH OF CONTRACT
## CONFIDENTIAL SEPARATION AGREEMENT

20.   All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**   Defendants restate their answers to paragraphs 1 – 19 as their answer to paragraph 20.

21.   Rausch and Physiotherapy negotiated and entered into a Confidential Separation Agreement dated October 26, 2007.

**ANSWER:**   Admitted.

22.   Coincident to his tendered resignation, Rausch negotiated modifications to the Non-Solicitation and No-Hire terms in Section 8 of the July 15, 2007, Employment Agreement. These modifications were memorialized in a Confidential Separation Agreement effective October 26, 2007 and executed by Rausch on October 27, 2007.

**ANSWER:**   Admitted.

23. Within ten days of executing the Confidential Separation Agreement, on or about November 1, 2007, Rausch proposed partnering with person(s) and/or entities subject to the restriction described in Paragraph 10 of this Complaint, in direct contradiction of the promises made in the Confidential Separation Agreement.

**ANSWER:** Admitted that conversations took place but denies that they involved any breaches of the promises made in the Confidential Separation Agreement. Further answering, Rausch states that he has not entered into any such relationship.

24. In or around November 1, 2007, Rausch contacted Physiotherapy's competitors, including, former Physiotherapy executives and proposed partnering with individuals and entities to form an "umbrella organization" in violation of Paragraph 2(a) of the Confidential Separation Agreement.

**ANSWER:** Denied.

25. In connection with and incident to his proposal to partner with Physiotherapy's competitors, Rausch breached the nondisclosure terms contained in Paragraph 3 of the Confidential Separation Agreement and in Paragraph 7 of his Employment Agreement, by disclosing Physiotherapy's confidential information to former Physiotherapy executives actively competing with Physiotherapy in the physical therapy services industry.

**ANSWER:** Denied.

26. Soon after entering the Confidential Separation Agreement, Rausch immediately took actions which breached the terms of this Agreement, including the non disclosure provisions of Paragraph 3 and the terms of Paragraph 2.

**ANSWER:** Denied.

27. Physiotherapy Associates has incurred damages as a direct and proximate result of such breach of contract.

**ANSWER:** Denied.

28. Defendant Rausch is liable to Physiotherapy Associates for such breaches of contract in an amount in excess of $75,000.

**ANSWER:**   Denied.

## COUNT II: BREACH OF CONTRACT
## EMPLOYMENT AGREEMENT

29.   All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**   Defendants restate their answers to paragraph 1 – 28 as their answer to paragraph 29.

30.   Rausch and Physiotherapy negotiated and entered into an Employment Agreement dated July 15, 2007.

**ANSWER:**   Admitted.

31.   Defendant Rausch was employed by Physiotherapy from 1998 until October 22, 2007. Rausch served as Physiotherapy's Regional Vice President-Operations from July 2007 until his resignation, effective October 22, 2007. Defendant Rausch was an officer or agent of Physiotherapy, and Rausch owed it fiduciary duties of loyalty, good faith and fair dealing.

**ANSWER:**   Admitted.

32.   On July 15, 2007, Rausch and Physiotherapy entered into an Employment Agreement that included reasonable restrictive covenants prohibiting Rausch from disclosing Physiotherapy's confidential information and, as outlined in Section 8, interfering with Physiotherapy's operations through participation in competing business ventures or soliciting Physiotherapy's customers and employees.

**ANSWER:**   Admitted that Rausch and Physiotherapy entered into an Employment Agreement but denied as to the remainder of paragraph 32.

33.   Through his employment at Physiotherapy, and while serving as the Regional Vice President-Operations, Rausch performed and was compensated pursuant to the Employment Agreement.

**ANSWER:**   Admitted.

34.   Rausch's violation of his obligations under Paragraph 2 of his Confidential Separation Agreement restores the restrictions imposed by Section 8.1(a) of his July 15, 2007 Employment Agreement, which prohibit Rausch from providing rehabilitation services of a type

and nature provided by Physiotherapy within the restricted area for a period of twelve months from his termination from Physiotherapy.

**ANSWER:** Denied.

35. Additionally, Paragraph 7 of the Employment Agreement requires protection and non-disclosure of Physiotherapy's Confidential Information.

**ANSWER:** Admitted.

36. Rausch breached the terms of the. Employment Agreement.

**ANSWER:** Denied.

37. Physiotherapy Associates has incurred damages as a direct and proximate result of such breach of contract.

**ANSWER:** Denied.

38. Defendant Rausch is liable to Physiotherapy Associates for such breaches of contract in an amount in excess of $75,000.

**ANSWER:** Denied.

## COUNT III: BREACH OF FIDUCIARY DUTY

39. All allegations of the Complaint are incorporated herein by reference.

**ANSWER:** Defendants restate their answers to paragraphs 1 – 38 as their answer to paragraph 39.

40. Defendant Rausch was an officer of Plaintiff Physiotherapy who owed a fiduciary duty of loyalty to Physiotherapy not to actively exploit his position within the corporation for his own personal benefit or hinder the ability of Physiotherapy to continue its business.

**ANSWER:** Admitted that Rausch was an officer of Plaintiff Physiotherapy.

41. Physiotherapy Associates' customers, targeted or prospective customers, and business partners, on or before October 26, 2007, are business opportunities of Physiotherapy Associates.

**ANSWER:** Denied.

42. Defendant Rausch, by diverting or attempting to divert these customers and business partners from Physiotherapy Associates to Sovereign and its affiliates, has breached his fiduciary duties by misappropriating Physiotherapy Associates' business opportunities.

**ANSWER:** Denied.

43. Defendant Rausch breached his own duties to his employer by providing services conflicting with his obligations to Physiotherapy Associates to others; by soliciting Physiotherapy Associates' employees for employment with Sovereign, or soliciting others to do so; and by disclosing or converting Physiotherapy Associates' confidential business information and trade secrets for the benefit of other former employees and executives in competition with Plaintiff.

**ANSWER:** Denied.

44. Defendant Rausch breached his fiduciary duty to Physiotherapy by using its confidential business information for his new, competing business interest.

**ANSWER:** Denied.

45. Physiotherapy Associates has incurred damages as a direct and proximate result of such misappropriation and breach of fiduciary duties.

**ANSWER:** Denied.

46. Defendant Rausch is liable to Physiotherapy Associates for such breaches of fiduciary duty in an amount in excess of $75,000.

**ANSWER:** Denied.

### COUNT IV:
### AIDING & ABETTING BREACH OF FIDUCIARY DUTY

47. All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**   Defendants restate their answers to paragraphs 1 – 46 as their answer to paragraph 47.

48.   Defendant Rausch performed a wrongful act, breach of his fiduciary duty to Physiotherapy, causing Physiotherapy an injury.

**ANSWER:**   Denied.

49.   Defendant Sovereign was aware of Rausch's role and breach when it provided Rausch assistance.

**ANSWER:**   Denied.

50.   Pursuant to a common design with Rausch, Defendant Sovereign knowingly and substantially assisted Defendant Rausch in his breach of fiduciary duty.

**ANSWER:**   Denied.

51.   By aiding and abetting Defendant Rausch in his breach of fiduciary duties to Physiotherapy Associates, Defendant Sovereign is liable to Physiotherapy Associates, Inc. for damages incurred as a direct and proximate result of such breach of fiduciary duties, in an amount in excess of $75,000.

**ANSWER:**   Denied.

## COUNT V: INJUNCTIVE RELIEF AGAINST RAUSCH AND SOVEREIGN

52.   All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**   Defendants restate their answers to paragraphs 1 – 51 as their answer to paragraph 52.

53.   The covenants and restrictions in the Confidential Separation Agreement and the Employment Agreement are reasonably necessary for the protection of the Plaintiff employer's protectable business interests including trade secrets and other confidential information.

**ANSWER:**   Denied.

54. The covenants and restrictions in the Confidential Separation Agreement and the Employment Agreement are reasonably limited in duration and geographic extent.

**ANSWER:**   Denied.

55. Defendant Rausch's actions, aided and abetted by his corporate entity, Sovereign, violate his obligations under the October 26, 2007, Confidential Settlement Agreement and the Employment Agreement.

**ANSWER:**   Denied.

56. If the Court does not enjoin this conduct, Physiotherapy will suffer irreparable harm and it does not have a complete adequate remedy at law for the redress of this wrongful conduct.

**ANSWER:**   Denied.

## COUNT VI - DECLARATORY JUDGMENT

57. This Court has jurisdiction under 28 U.S.C. § 2201 (a) and § 2202 to establish the existing rights and legal relationships of the parties.

**ANSWER:**   Admitted.

58. The Court should exercise its Declaratory Judgment Act jurisdiction to declare Rausch's obligations to Physiotherapy coincident to its entry of injunctive relief.

**ANSWER:**   Denied.

## ADDITIONAL DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The restrictive covenant at issue is unreasonable and, therefore, unenforceable under Illinois law.

Defendants demand trial by jury.

**WHEREFORE**, Richard W. Rausch and Independent Physical Therapy Network ask that Physiotherapy Corporation's complaint be dismissed with prejudice and that they be awarded their costs of suit.

                                      **Richard W. Rausch and Independent Physical Therapy Network, Defendants**

                                      **By:** /s/ Anthony C. Valiulis
                                           **One of Their Attorneys**

Anthony C. Valiulis (Atty. No. 02883007)
Cassandra M. Crane (Atty. No. 6288406)
**Much Shelist Denenberg Ament & Rubenstein PC**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60601
312-521-2000

## Certificate of Service

Anthony C. Valiulis, an attorney, certifies that he caused **Defendants' Richard W. Rausch and Independent Physical Therapy Network's Answer to Plaintiff's Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients on this 2nd day of July, 2008:

To:   Daniel E. Tranen
      Wilson Elser Moskowitz Edleman & Dicker LLP
      120 N. LaSalle Street
      Suite 2600
      Chicago, Illinois 60602

/s/ Anthony C. Valiulis

783015_2