IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSIOTHERAPY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2605 |
| | ) | |
| RICHARD W. RAUSCH, SOVEREIGN | ) | Judge Robert W. Gettleman |
| REHABILITATION OF ILLINOIS, LLC | ) | |
| d/b/a RAUSCH REHABILITATION | ) | Magistrate Judge Nolan |
| SERVICES, INDEPENDENT PHYSICAL | ) | |
| THERAPY NETWORK, or SOVEREIGN | ) | |
| PHYSICAL THERAPY, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES
## OF SOVEREIGN REHABILITATION OF ILLINOIS, LLC

COMES NOW Sovereign Rehabilitation of Illinois, LLC and, by and through its

attorneys, for its Verified Answer and Affirmative Defenses to the Complaint (the "Complaint")

of Plaintiff Physiotherapy Corporation ("Plaintiff"), shows this Court as follows:

## PREAMBLE

Respectfully, Plaintiff has incorrectly attributed several trade names ("d/b/a" names) to

Sovereign Rehabilitation of Illinois, LLC, none of which are currently being used and in fact

have never been adopted or used by Sovereign Rehabilitation of Illinois, LLC. A responsive

pleading was filed on behalf of Richard W. Rausch and Independent Physical Therapy Network

on July 2, 2008. The Registered Agent for Sovereign Rehabilitation of Illinois, LLC was served

on August 4, 2008. This responsive pleading is filed on behalf of Sovereign Rehabilitation of

Illinois, LLC.

In *Physiotherapy Associates, Inc. v. Alan Grodin, et al.*, Case No. 2008cv145934, a matter pending in Fulton County Superior Court, Georgia, lawyers for Plaintiff deposed Bobby Rouse, the Chief Executive Officer of Sovereign Rehabilitation, LLC, regarding various issues pertaining to this case.  The evidence will show that Richard W. Rausch ("Rausch") and Sovereign Rehabilitation of Illinois, LLC entered into a non-binding Letter of Intent, but no binding agreement was ever executed.  (<u>See</u> Exhibit 1.)

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Sovereign Rehabilitation of Illinois, LLC.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH DEFENSE

To the extent Plaintiff suffered any damages, which Sovereign Rehabilitation of Illinois, LLC denies, they were not the result of any action or inaction by Sovereign Rehabilitation of Illinois, LLC.

## SEVENTH DEFENSE

Plaintiff failed to mitigate its damages, if any.

## EIGHTH DEFENSE

The Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## NINTH DEFENSE

There is no subject matter jurisdiction as diversity jurisdiction is absent due to Plaintiff not suffering cognizable damages, much less the $75,000.00 threshold.

## TENTH

To the extent the Complaint asserts a demand for punitive damages, Sovereign Rehabilitation of Illinois, LLC specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## ELEVENTH DEFENSE

To the extent the Complaint asserts a demand for punitive damages, Sovereign Rehabilitation of Illinois, LLC affirmatively pleads the following:

(a)    An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Illinois Constitution;

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Illinois Constitution;

(c)    The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Illinois Constitution;

(d)    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Illinois Constitution; and

(e)    Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## TWELFTH DEFENSE

Sovereign Rehabilitation of Illinois, LLC reserves the right to seek amendment to add any defense provided for by the Federal Rules of Civil Procedure during or after discovery.

## THIRTEENTH DEFENSE

Without waiving any of its preceding defenses and expressly relying on each of said defenses, Sovereign Rehabilitation of Illinois, LLC responds to the numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1.    This is a claim for relief seeking damages and equitable relief from Defendant Rausch, a former executive of Physiotherapy, for breach of contract and breach of his fiduciary duties to Physiotherapy, and against a corporate entity in which, on information and belief, he is affiliated, to enjoin its aiding and abetting Rausch's breach of duties owed to Physiotherapy.

**ANSWER:**    As this Paragraph 1 of the Complaint is simply a statement of what Plaintiff

believes is the nature of the Action, no response is required.  Further, Sovereign Rehabilitation of

Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation

of Illinois, LLC has engaged in any wrongdoing or that Plaintiff has suffered any cognizable

damages.

## PARTIES

2.    Plaintiff Physiotherapy Corporation is a Delaware Corporation with its principal place of
business in Exton, Pennsylvania.  It operates physical therapy clinics in several states, including
Illinois.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the

Complaint and, therefore, denies the allegations contained therein.

3.    Defendant Richard W. Rausch is an individual who resides at 1850 North Mohawk,
Chicago, Cook County, Illinois.  Service of process may be had on this defendant by delivery to
him of a summons and copy of this Complaint at this address.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits the allegations contained in

Paragraph 3 of the Complaint.

4.    Defendant Sovereign Rehabilitation of Illinois, LLC is an Illinois Corporation that
identifies its principal office as being in Memphis, Tennessee.  On information and belief,
Sovereign Rehabilitation of Illinois, LLC ("Sovereign") does business in Illinois using the name
or names Rausch Rehabilitation Services, Independent Physical Therapy Network ("IPTN"), or
Sovereign Rehabilitation.  Sovereign may be served by deliver of a summons and copy of this
Complaint to its registered agent, Illinois Corp Service Company at 801 Stevenson Drive,
Springfield, Illinois 62703.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies that Sovereign Rehabilitation of

Illinois, LLC is an Illinois Corporation and states that Sovereign Rehabilitation of Illinois, LLC

is an Illinois limited liability company.  Sovereign Rehabilitation of Illinois, LLC admits that its

principal office is in Memphis, Tennessee and may be served through its Registered Agent.

Sovereign Rehabilitation of Illinois, LLC denies the remaining allegations contained in Paragraph 4 of the Complaint not expressly admitted herein.

<div align="center">

**JURISDICTION AND VENUE**

</div>

5.    This Court has jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship between Plaintiff Physiotherapy and the named Defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.  Jurisdiction arises under 28 U.S.C. § 2201(a) to issue declaratory relief.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits that, as alleged in the Complaint, the Plaintiff and Sovereign Rehabilitation of Illinois, LLC appear to have a diversity of citizenship but denies that Plaintiff has any valid claims against Sovereign Rehabilitation of Illinois, LLC or that Plaintiff has suffered damages, much less the $75,000.00 threshold. Sovereign Rehabilitation of Illinois, LLC denies the remaining allegations contained in Paragraph 5 of the Complaint not expressly admitted herein.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the claims giving rise to Plaintiff's claims occurred in this district.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the allegations contained therein.

<div align="center">

**FACTS**

</div>

7.    Defendant Rausch was employed by Physiotherapy from 1998 until October 22, 2007. Rausch served as Physiotherapy's Regional Vice President – Operations from July 2007 until his resignation, effective October 22, 2007.  Defendant Rausch was an officer or agent of Physiotherapy, and Rausch owed it fiduciary duties of loyalty, good faith and fair dealing.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits that Rausch was employed by Plaintiff.  The remaining allegations contained in Paragraph 7 of the Complaint call for a legal conclusion and, thus, no response is required.  To the extent that a response is necessary,

<div align="center">

6

</div>

Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 7 of the Complaint not expressly admitted herein.

8.   On July 15, 2007, Rausch and Physiotherapy entered into an Employment Agreement that included reasonable restrictive covenants prohibiting Rausch from disclosing Physiotherapy's confidential information and, as outlined in Section 8, interfering with Physiotherapy's operations through participation in competing business ventures or soliciting Physiotherapy's customers and employees.

**ANSWER:**   The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the allegations contained therein.   Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.

9.   Coincident to his tendered resignation, Rausch negotiated modifications to the Non-Solicitation and No-Hire terms in Section 8 of the July 15, 2007 Employment Agreement.   These modifications were memorialized in a Confidential Separation Agreement effective October 26, 2007 and executed by Rausch on October 27, 2007.

**ANSWER:**   The Separation Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the allegations contained therein.   Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.

10.   In Paragraph 2(a) of the October 26, 2007 confidential Separation Agreement, Rausch promised, for a period ending on October 22, 2008, that he would "not, directly or indirectly through any entity with which he is in any way affiliated . . . partner with, any individual who is currently employed by a "Physiotherapy Entity" or who was so employed as of June 28, 2007 . . . it is understood that the foregoing restriction prohibits the . . . partnering with any such individual or any entity with which such individual is in any way affiliated."

**ANSWER:**   The Separation Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and,

therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.

11.    Within days of executing the Confidential Separation Agreement, on or about November 1, 2007, Rausch proposed partnering with person(s) and/or entities subject to the restriction described in Paragraph 10 of this Complaint, in direct contradiction of the promises made in the Confidential Separation Agreement.

**ANSWER:**    The Separation Agreement was not provided by Plaintiff with the Complaint and,

thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and,

therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.  Further, Sovereign Rehabilitation of

Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation

of Illinois, LLC has engaged in any wrongdoing.

12.    On or around November 1, 2007, Rausch contacted Physiotherapy's competitors, including former Physiotherapy executives, and proposed partnering with individuals and entities to form an "umbrella organization" in violation of Paragraph 2(a) of the Confidential Separation Agreement.

**ANSWER:**    The Separation Agreement was not provided by Plaintiff with the Complaint and,

thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and,

therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.  Further, Sovereign Rehabilitation of

Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation

of Illinois, LLC has engaged in any wrongdoing.

13.    In connection with and incident to his proposal to partner with Physiotherapy's competitors, Rausch breached the nondisclosure terms contained in Paragraph 3 of the

Confidential Separation Agreement and in Paragraph 7 of his Employment Agreement, by disclosing Physiotherapy's confidential information to former Physiotherapy executives actively competing with Physiotherapy in the physical therapy services industry.

**ANSWER:**    The Separation Agreement and Employment Agreement were not provided by

Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 13 of the Complaint and, therefore, denies the allegations contained therein.

Sovereign Rehabilitation of Illinois, LLC further states that the referenced writings speak for

themselves.    Further, Sovereign Rehabilitation of Illinois, LLC denies the allegations in

Paragraph 13 of the Complaint that may relate to it or that Plaintiff has any valid claims against it

or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

14.    Within days of signing his Confidential Separation Agreement and affirming his obligations to Physiotherapy, including his duty of confidentiality, Rausch intentionally and knowingly disclosed highly sensitive, confidential business information learned in his capacity as Regional Vice President – Operations to Physiotherapy's direct competitors for the express purpose of causing harm to Physiotherapy.

**ANSWER:**    The Separation Agreement was not provided by Plaintiff with the Complaint and,

thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and,

therefore, denies the allegations contained therein.    Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.    Further, Sovereign Rehabilitation of

Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation

of Illinois, LLC has engaged in any wrongdoing.

15.    On or about November 1, 2007, Rausch corresponded with former Physiotherapy executives Alan Grodin, Kathy Carrier and Bobby Rouse, Jr., to propose the formation of an "umbrella organization" and disclosed Physiotherapy's post-merger financial status, strategy to retain key employees, proposed benefits structure and other key strategic components of Physiotherapy's business operations.

**ANSWER:**    Although the email correspondence was not produced by Plaintiff in the

Complaint, Sovereign Rehabilitation of Illinois, LLC admits that Rausch did correspond with

Alan Grodin, Kathy Carrier and Bobby Rouse, Jr. on or about November 1, 2007.  Sovereign

Rehabilitation of Illinois, LLC states that the referenced writing speaks for itself.  The remaining

allegations contained in Paragraph 15 of the Complaint not expressly admitted herein are denied.

Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims

against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

16.    On or before March 10, 2008, during the restriction period contained in Paragraph 2(a) of
his October 26, 2007 Confidential Separation Agreement, Rausch, through Sovereign
Rehabilitation of Illinois, LLC, partnered with Healthcare Equity, Inc., doing business through
its Sovereign Physical Therapy division, with individuals and entities subject to the Paragraph
2(a) restriction.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in

Paragraph 16 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that

Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has

engaged in any wrongdoing.

17.    On information and belief, Defendant Rausch, through Sovereign, partnered with Centers
for Orthopedic Rehabilitation ("COR"), an entity which employs and is affiliated with, among
others, Gary Woodham and Jeffrey E. Thomas, individuals who were currently employed by a
Physiotherapy Entity when Rausch executed the Confidential Separation Agreement, and/or who
were so employed as of June 28, 2007.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in

Paragraph 17 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that

Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has

engaged in any wrongdoing.

18.    On information and belief, Defendant Rausch, through Sovereign and Healthcare Equity,
Inc., has solicited entities doing business with Physiotherapy and proposed partnering with
person(s) and/or entities subject to the restriction in violation of Paragraph 2 of his Confidential
Separation Agreement.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 18 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

19.     Rausch's violation of his obligations under Paragraph 2 of his Confidential Separation Agreement restores the restriction imposed by Section 8.1(a) of his July 15, 2007 Employment Agreement, which prohibit Rausch from participation in certain business activities, including the provision of rehabilitation services of a type and nature provided by Physiotherapy within the restricted area defined in the Employment Agreement for a period of twelve months from his termination from Physiotherapy.

**ANSWER:**     The Separation Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

## COUNT I: BREACH OF CONTRACT -
## CONFIDENTIAL SEPARATION AGREEMENT

20.     All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**     In response to Paragraph 20 of the Complaint, Sovereign Rehabilitation of Illinois, LLC reasserts its responses to Paragraphs 1 through 19 of the Complaint as if restated herein.

21.     Rausch and Physiotherapy negotiated and entered into a Confidential Separation Agreement dated October 26, 2007.

**ANSWER:**     The Separation Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and,

therefore, denies the allegations contained therein. Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.

22.    Coincident to his tendered resignation, Rausch negotiated modifications to the Non-Solicitation and No-Hire terms in Section 8 of the July 15, 2007 Employment Agreement. These modifications were memorialized in a Confidential Separation Agreement effective October 26, 2007 and executed by Rausch on October 27, 2007.

**ANSWER:**    The Separation Agreement was not provided by Plaintiff with the Complaint and,

thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and,

therefore, denies the allegations contained therein. Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.

23.    Within ten days of executing the Confidential Separation Agreement, on or about November 1, 2007, Rausch proposed partnering with person(s) and/or entities subject to the restriction described in Paragraph 10 of this Complaint, in direct contradiction of the promises made in the Confidential Separation Agreement.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the

Complaint and, therefore, denies the allegations contained therein. Sovereign Rehabilitation of

Illinois, LLC further states that the referenced writing speaks for itself. Further, Sovereign

Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that

Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

24.    In or around November 1, 2007, Rausch contacted Physiotherapy's competitors, including former Physiotherapy executives and proposed partnering with individuals and entities to form an "umbrella organization" in violation of Paragraph 2(a) of the Confidential Separation Agreement.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the

Complaint and, therefore, denies the allegations contained therein. Sovereign Rehabilitation of

Illinois, LLC further states that the referenced writing speaks for itself. Further, Sovereign

Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that

Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

25.    In connection with and incident to his proposal to partner with Physiotherapy's
competitors, Rausch breached the nondisclosure terms contained in Paragraph 3 of the
Confidential Separation Agreement and in Paragraph 7 of his Employment Agreement, by
disclosing Physiotherapy's confidential information to former Physiotherapy executives actively
competing with Physiotherapy in the physical therapy services industry.

**ANSWER:**    The Separation Agreement and Employment Agreement were not provided by

Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 25 of the Complaint and, therefore, denies the allegations contained therein.

Sovereign Rehabilitation of Illinois, LLC further states that the referenced writings speak for

themselves.    Further, Sovereign Rehabilitation of Illinois, LLC denies the allegations in

Paragraph 25 of the Complaint that may relate to it or that Plaintiff has any valid claims against it

or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

26.    Soon after entering the Confidential Separation Agreement, Rausch immediately took
actions which breached the terms of this Agreement, including the non disclosure provisions of
Paragraph 3 and the terms of Paragraph 2.

**ANSWER:**    The Separation Agreement was not provided by Plaintiff with the Complaint and,

thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and,

therefore, denies the allegations contained therein.    Sovereign Rehabilitation of Illinois, LLC

further states that the referenced writing speaks for itself.    Further, Sovereign Rehabilitation of

Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

27.    Physiotherapy Associates has incurred damages as a direct and proximate result of such breach of contract.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the allegations contained therein.    Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 27 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

28.    Defendant Rausch is liable to Physiotherapy Associates for such breaches of contract in an amount in excess of $75,000.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the allegations contained therein.    Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 28 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

<u>**COUNT II: BREACH OF CONTRACT -**</u>
<u>**EMPLOYMENT AGREEMENT**</u>

29.    All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**    In response to Paragraph 29 of the Complaint, Sovereign Rehabilitation of Illinois, LLC reasserts its responses to Paragraphs 1 through 28 of the Complaint as if restated herein.

30.    Rausch and Physiotherapy negotiated and entered into an Employment Agreement dated July 15, 2007.

**ANSWER:**    The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.

31.    Defendant Rausch was employed by Physiotherapy from 1998 until October 22, 2007. Rausch served as Physiotherapy's Regional Vice President – Operations from July 2007 until his resignation, effective October 22, 2007.  Defendant Rausch was an officer or agent of Physiotherapy, and Rausch owed it fiduciary duties of loyalty, good faith and fair dealing.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits that Rausch was employed by Plaintiff.  The remaining allegations contained in Paragraph 31 of the Complaint call for a legal conclusion and, thus, no response is required.  To the extent that a response is necessary, Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 31 of the Complaint not expressly admitted herein.

32.    On July 15, 2007, Rausch and Physiotherapy entered into an Employment Agreement that included reasonable restrictive covenants prohibiting Rausch from disclosing Physiotherapy's confidential information and, as outlined in Section 8, interfering with Physiotherapy's operations through participation in competing business ventures or soliciting Physiotherapy's customers and employees.

**ANSWER:**    The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.  Further, to the extent that the allegations contained in Paragraph 32 of the Complaint call for a legal conclusion, no

response is required.  To the extent that a response is necessary, Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 32 of the Complaint not expressly admitted herein.

33.    Through his employment at Physiotherapy, and while serving as the Regional Vice President – Operations, Rausch performed and was compensated pursuant to the Employment Agreement.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits that Rausch was employed by Plaintiff.  The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint and, therefore, denies the allegations not expressly admitted herein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.

34.    Rausch's violation of his obligations under Paragraph 2 of his Confidential Separation Agreement restores the restrictions imposed by Section 8.1(a) of his July 15, 2007 Employment Agreement, which prohibit Rausch from providing rehabilitation services of a type and nature provided by Physiotherapy within the restricted area for a period of twelve months from his termination from Physiotherapy.

**ANSWER:**    The Separation Agreement and Employment Agreement were not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the allegations contained therein. Sovereign Rehabilitation of Illinois, LLC further states that the referenced writings speak for themselves.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

35.    Additionally, Paragraph 7 of the Employment Agreement requires protection and non-disclosure of Physiotherapy's Confidential Information.

**ANSWER:**    The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.  Further Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

36.    Rausch breached the terms of the Employment Agreement.

**ANSWER:**    The Employment Agreement was not provided by Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the allegations contained therein.  Sovereign Rehabilitation of Illinois, LLC further states that the referenced writing speaks for itself.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

37.    Physiotherapy Associates has incurred damages as a direct and proximate result of such breach of contract.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the allegations contained therein.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 37 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

38.    Defendant Rausch is liable to Physiotherapy Associates for such breaches of contract in an amount in excess of $75,000.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the allegations contained therein.    Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 38 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

## COUNT III: BREACH OF FIDUCIARY DUTY

39.    All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**    In response to Paragraph 39 of the Complaint, Sovereign Rehabilitation of Illinois, LLC reasserts its responses to Paragraphs 1 through 38 of the Complaint as if restated herein.

40.    Defendant Rausch was an officer or agent of Physiotherapy, and Rausch owed a fiduciary duty of loyalty to Physiotherapy not to actively exploit his position within the corporation for his own personal benefit or hinder the ability of Physiotherapy to continue its business.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC admits that Rausch was employed by Plaintiff.    The remaining allegations contained in Paragraph 40 of the Complaint call for a legal conclusion and, thus, no response is required.    To the extent that a response is necessary, Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 40 of the Complaint not expressly admitted herein.

41.    Physiotherapy Associates' customers, targeted or prospective customers, and business partners, on or before October 26, 2007, are business opportunities of Physiotherapy Associates.

**ANSWER:**    The allegations contained in Paragraph 41 of the Complaint call for a legal conclusion and, thus, no response is required.    To the extent that a response is necessary,

Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 41 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

42.     Defendant Rausch by diverting or attempting to divert these customers and business partners from Physiotherapy Associates to Sovereign and its affiliates, has breached his fiduciary duties by misappropriating Physiotherapy Associates' business opportunities.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 42 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

43.     Defendant Rausch breached his own duties to his employer by providing services conflicting with his obligations to Physiotherapy Associates to others; by soliciting Physiotherapy Associates' employees for employment with Sovereign, or soliciting others to do so; and by disclosing or converting Physiotherapy Associates' confidential business information and trade secrets for the benefit of other former employees and executives in competition with Plaintiff.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 43 of the Complaint.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

44.     Defendant Rausch breached his fiduciary duty to Physiotherapy by using its confidential business information for his new, competing business interest.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 44 of the Complaint as the may relate to it.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

45.    Physiotherapy Associates has incurred damages as a direct and proximate result of such misappropriation and breach of fiduciary duties.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies the allegations contained therein.    Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 45 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

46.    Defendant Rausch is liable to Physiotherapy Associates for such breaches of fiduciary duty in an amount in excess of $75,000.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, denies the allegations contained therein.    Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 46 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

## COUNT IV: AIDING AND ABETTING
## BREACH OF FIDUCIARY DUTY

47.    All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**    In response to Paragraph 47 of the Complaint, Sovereign Rehabilitation of Illinois, LLC reasserts its responses to Paragraphs 1 through 46 of the Complaint as if restated herein.

48.    Defendant Rausch performed a wrongful act, breach of his fiduciary duty to Physiotherapy, causing Physiotherapy an injury.

20

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 48 of the Complaint as the may relate to it.   Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

49.     Defendant Sovereign was aware of Rausch's role and breach when it provided Rausch assistance.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 49 of the Complaint.   Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

50.     Pursuant to a common design with Rausch, Defendant Sovereign knowingly and substantially assisted Defendant Rausch in his breach of fiduciary duty.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 50 of the Complaint.   Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

51.     By aiding and abetting Defendant Rausch in his breach of fiduciary duties to Physiotherapy Associates, Defendant Sovereign is liable to Physiotherapy Associates, Inc. for damages incurred as a direct and proximate result of such breach of fiduciary duties, in an amount in excess of $75,000.

**ANSWER:**     Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 51 of the Complaint.   Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in Paragraph 51 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

**COUNT V: INJUNCTIVE**

**RELIEF AGAINST RAUSCH AND SOVEREIGN**

52.     All allegations of the Complaint are incorporated herein by reference.

**ANSWER:**    In response to Paragraph 52 of the Complaint, Sovereign Rehabilitation of

Illinois, LLC reasserts its responses to Paragraphs 1 through 51 of the Complaint as if restated

herein.

53.    The covenants and restrictions in the Confidential Separation Agreement and the
Employment Agreement are reasonably necessary for the protection of the Plaintiff employer's
protectable business interests including trade secrets and other confidential information.

**ANSWER:**    The Separation Agreement and Employment Agreement were not provided by

Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 53 of the Complaint and, therefore, denies the allegations contained therein.

Sovereign Rehabilitation of Illinois, LLC further states that the referenced writings speak for

themselves.  Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid

claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any

wrongdoing.

54.    The covenants and restrictions in the Confidential Separation Agreement and the
Employment Agreement are reasonably limited in duration and geographic extent.

**ANSWER:**    The Separation Agreement and the Employment Agreement were not provided by

Plaintiff with the Complaint and, thus, Sovereign Rehabilitation of Illinois, LLC is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 54 of the Complaint and, therefore, denies the allegations contained therein.

Sovereign Rehabilitation of Illinois, LLC further states that the referenced writings speak for

themselves.  Further, the allegations contained in Paragraph 54 of the Complaint call for a legal

conclusion and, thus, no response is required. To the extent that a response is necessary, Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant Rausch's actions, aided and abetted by his corporate entity, Sovereign, violate his obligations under the October 26, 2007 Confidential Separation Agreement and the Employment Agreement.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 55 of the Complaint. Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff has any valid claims against it or that Sovereign Rehabilitation of Illinois, LLC has engaged in any wrongdoing.

56.    If the Court does not enjoin this conduct, Physiotherapy will suffer irreparable harm and it does not have a complete adequate remedy at law for the redress of this wrongful conduct.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 56 of the Complaint. Further, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the relief set forth in Paragraph 56 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

## COUNT VI - DECLARATORY JUDGMENT

57.    This Court has jurisdiction under 28 U.S.C. § 2201(a) and § 2202 to establish the existing rights and legal relationships of the parties.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 57 of the Complaint.

58.    The Court should exercise its Declaratory Judgment Act jurisdiction to declare Rausch's obligations to Physiotherapy coincident to its entry of injunctive relief.

**ANSWER:**    Sovereign Rehabilitation of Illinois, LLC denies the allegations contained in Paragraph 58 of the Complaint. Further, Sovereign Rehabilitation of Illinois, LLC denies that

Plaintiff is entitled to the relief set forth in Paragraph 58 of the Complaint or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

It appears that the unnumbered "Wherefore" paragraph following Paragraph 58 of the Complaint is in the nature of a prayer and that no response is necessary. To the extent that a response is necessary, Sovereign Rehabilitation of Illinois, LLC denies that Plaintiff is entitled to the damages and relief set forth in this paragraph or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

Sovereign Rehabilitation of Illinois, LLC denies each and every allegation of the Complaint not heretofore admitted, qualified or denied as though set forth specifically and denied, including any allegations contained in the headings of the Complaint, and denies that Plaintiff is entitled to any damages and relief demanded by it from Sovereign Rehabilitation of Illinois, LLC or to any other damages or relief whatsoever from Sovereign Rehabilitation of Illinois, LLC.

WHEREFORE, having fully answered, Sovereign Rehabilitation of Illinois, LLC respectfully requests that judgment be made and entered in its favor and against Plaintiff as follows:

a.      The Complaint be dismissed in its entirety and Plaintiff recover nothing;

b.      Sovereign Rehabilitation of Illinois, LLC be dismissed as a defendant in this cause and Plaintiff to recover nothing from Sovereign Rehabilitation of Illinois, LLC;

c.      Awarding Sovereign Rehabilitation of Illinois, LLC its expenses of litigation including its reasonable attorney's fees; and

d.      Granting Sovereign Rehabilitation of Illinois, LLC such other and further relief as the Court may deem just and proper.

This 25th day of August, 2008.

SOVEREIGN REHABILITATION
OF ILLINOIS, LLC


By:   /s/ Michael Weininger
     One of Its Attorneys

Michael Weininger (2966271)
Lupel Weininger LLP
30 N. LaSalle St.
Suite 3520
Chicago, IL  60602
(312) 260-7700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSIOTHERAPY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| RICHARD W. RAUSCH, SOVEREIGN | ) | NO. 08-CV-2605-RWG |
| REHABILITATION OF ILLINOIS, LLC | ) | |
| d/b/a RAUSCH REHABILITATION | ) | JUDGE ROBERT W. GETTLEMAN |
| SERVICES, INDEPENDENT PHYSICAL | ) | |
| THERAPY NETWORK, or SOVEREIGN | ) | |
| PHYSICAL THERAPY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFICATION

STATE OF TENNESSEE    )
                      )
COUNTY OF SHELBY      )

I, Bobby Rouse, Jr., a resident of Shelby County, Tennessee, declare under oath:

I am the President of Sovereign Rehabilitation of Illinois, LLC. I have reviewed the foregoing Verified Answer of Sovereign Rehabilitation of Illinois, LLC, and the facts stated therein are true and correct to the best of my personal knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

_____
BOBBY ROUSE, JR., PRESIDENT
SIGNATORY ON BEHALF OF
SOVEREIGN REHABILITATION OF ILLINOIS, LLC

Sworn to and subscribed before me
this _25 TH_ day of August, 2008.

_____
Notary Public
My commission expires: 9 - 16 - 2009

25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYSIOTHERAPY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| RICHARD W. RAUSCH, SOVEREIGN | ) | NO. 08-CV-2605-RWG |
| REHABILITATION OF ILLINOIS, LLC | ) | |
| d/b/a RAUSCH REHABILITATION | ) | JUDGE ROBERT W. GETTLEMAN |
| SERVICES, INDEPENDENT PHYSICAL | ) | |
| THERAPY NETWORK, or SOVEREIGN | ) | |
| PHYSICAL THERAPY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *Verified Answer and Affirmative Defenses of Sovereign Rehabilitation of Illinois, LLC* using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Daniel E. Tranen
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North LaSalle Street – Suite 2600
Chicago, IL 60602

Harry J. Winograd
BODKER RAMSEY ANDREWS WINOGRAD & WILDSTEIN, P.C.
One Securities Centre
3490 Piedmont Road, Ste. 1400
Atlanta, GA 30305-4808

*Attorneys for Plaintiff Physiotherapy Corporation*

Anthony C. Valiulis
Cassandra M. Crance
MUCH, SHELIST, FREED, DENENBERG, AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60605-1615

*Attorneys for Richard W. Rausch and Independent Physical Therapy Network*

This 25th day of August, 2008.

SOVEREIGN REHABILITATION
OF ILLINOIS, LLC


By:___/s/ Michael Weininger_____
        One of Its Attorneys

Michael Weininger (2966271)
Lupel Weininger LLP
30 N. LaSalle St.
Suite 3520
Chicago, IL  60602
(312) 260-7700



February 25, 2008

Mr. Rick Rausch, PT, MBA                    **VIA E-MAIL (rick.rausch@msn.com)**

Re:    Letter of Intent for Development of Physical Therapy Clinics in Illinois

Dear Rick:

The purpose of this letter of intent ("LOI") is to set forth certain nonbinding understandings between you ("Rausch") and Sovereign Rehabilitation of Illinois, LLC, a to be formed Illinois limited liability company, ("SRI") with respect to the contribution by Rausch of certain assets to SRI and the employment by SRI of Rausch for the purpose of (i) developing new physical therapy clinics, (ii) purchasing existing physical therapy clinics, (iii) developing a physical therapy provider network for contract staffing and (iv) managing the operations of such businesses, all within the State of Illinois, on the terms and subject to the conditions set forth below.

The provisions of this LOI reflect the mutual understanding of the parties hereto with respect to the matters described herein, but each party acknowledges that the provisions of this LOI are not intended to create or constitute any legally binding obligations between Rausch and SRI, and neither Rausch nor SRI shall have any liability to the other party with respect to the provisions of this LOI until they are fully integrated into a definitive written agreement, and other related documents, and said agreement and related documents are prepared, authorized, executed and delivered by and between Rausch and SRI (collectively the "Definitive Agreement"). If the Definitive Agreement is not prepared, authorized, and executed or delivered for any reason, no party to this LOI shall have any liability to any other party to this LOI based upon, arising from, or relating to the provisions hereof.

1.     **Transaction Description.**  SRI will be formed by Sovereign Rehabilitation, LLC, a Tennessee limited liability company, ("Sovereign") and Rausch, or an entity over which Rausch possesses actual control, will be admitted as a member of SRI with an ownership interest of 42%, with Sovereign holding the remaining 58% ownership interest. In order to fund the capital needs of SRI, Sovereign will agree to contribute $800,000.00 in cash to SRI and Rausch will agree to contribute $300,000.00 in cash to SRI as well as the assets described in Section 4. As additional consideration for the capital contributions by Rausch, Rausch, or an entity over which Rausch possesses actual control, will be admitted as a member of Sovereign with an ownership interest of 8%.

<div style="border:2px solid black">

**EXHIBIT**

tabbies

1

</div>

Mr. Rick Rausch, PT, MBA
February 25, 2008
Page 2

---

2.      **Employment.**  SRI will employ Rausch to (i) develop new physical therapy clinics, (ii) purchase existing physical therapy clinics, (iii) further develop the Staffing Network (defined hereinafter), and (iv) manage the operations of such businesses. Rausch's employment will be on an at-will basis and SRI will pay Rausch annual compensation of $175,000.00, along with the employee benefits provided to employees of Sovereign's other affiliates engaged in similar business activities.

3.      **Non-Competition Covenant.**  SRI acknowledges that Rausch is subject to a covenant not to compete with a prior employer in the development, acquisition and management of physical therapy clinics, which terminates on October 23, 2008. As a result, while Rausch's employment by SRI is expected to commence prior to October 23, 2008, Rausch's compensation set forth in Section 2 will be reduced 50% until October 24, 2008. In order to ensure compliance with the terms of the non-competition covenant, Rausch will supply SRI with a copy of the non-competition covenant.

4.      **Staffing Network.**  SRI acknowledges that Rausch operates a physical therapist staffing network through which Rausch supplies therapists to healthcare businesses requesting such staffing on a contract basis (the "Staffing Network"). Rausch will agree to contribute all of the assets, both tangible and intangible, of the Staffing Network to SRI upon Rausch's admission as a member of SRI. SRI further acknowledges that Rausch will be placing himself as a therapist in the Staffing Network and that the fees generated for therapy services provided directly by Rausch shall be billed and collected by Rausch, personally, and that Rausch will retain such fees for services provided through October 23, 2008. Thereafter, all fees for services provided directly by Rausch shall be billed and collected by SRI.

5.      **Representations in Definitive Agreement.**  In the Definitive Agreement, Rausch and SRI will make typical representations, warranties and covenants including, but not limited to, representations as to the title of assets, material compliance with all applicable laws or regulations affecting the conduct of the business, description of any litigation, absence of undisclosed pending or threatened claims against or liabilities of Rausch and SRI, existence of insurance coverage, correctness and completeness of financial statements, proper payment or provision for all taxes and other tax matters, absence of any material adverse change in the business or condition (financial or otherwise) of Rausch and SRI from the financial statements previously provided and similar matters. Rausch and SRI will specifically indemnify the other from any losses, damages or costs, including legal fees, relating to pending or threatened claims or lawsuits, if any.

6.      **Preparation of Definitive Agreement.**  Rausch and SRI intend promptly to begin negotiating to reach a written Definitive Agreement, containing representations, warranties, indemnities, conditions and agreements by each respective entity. SRI and its counsel shall be responsible for preparing the initial draft of the Definitive Agreement. SRI intends to deliver a draft of the Definitive Agreement as soon as reasonably possible and the parties intend that the Closing occur within thirty (30) days of the execution by all parties of this LOI.

Mr. Rick Rausch, PT, MBA
February 25, 2008
Page 3

Please sign and date this Letter of Intent in the space provided below to confirm the mutual agreements set forth herein and return a signed copy to the undersigned on or before 5:00 p.m. Central Standard Time, March 7, 2008.

Sincerely,

Bobby J. Rouse, Jr.,
President


Acknowledged and agreed on _____, 2008.


_____
Rick Rausch, PT, MBA

Mr. Rick Rausch, PT, MBA
February 25, 2008
Page 3

Please sign and date this Letter of Intent in the space provided below to confirm the mutual agreements set forth herein and return a signed copy to the undersigned on or before 5:00 p.m., Central Standard Time, March 7, 2008.

Sincerely

Bobby J. Rouse, Jr.
President

Acknowledged and agreed on 3/1 , 2008.

Rick Rausch, PT, MBA